**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11    GWENDOLYN SMITH, *et al.*,              No. C 12-01732 DMR

12            Plaintiffs,                      **ORDER GRANTING SPECIAL**
                                               **MOTION TO STRIKE AND**
13       v.                                    **DISMISSING COMPLAINT**

14    PAUL PAYNE, *et al.*,

15            Defendants.
      _____/
16

17        Before the court is Defendants Paul Payne and *The Santa Rosa Press Democrat*'s motion to

18    strike *pro se* Plaintiffs Gwendolyn Smith and Zeus Harrison Smith's complaint pursuant to

19    California Code of Civil Procedure section 425.16. [Docket No. 34.]  The court conducted a hearing

20    on December 20, 2012, during which the parties were given an opportunity to present oral argument.

21    For the reasons below, Defendants' motion is GRANTED.

22                                    **I. Background**

23        This is the second action filed in this Court by Plaintiff Gwendolyn Smith, on behalf of

24    herself and her seventeen-year old son, Zeus Harrison Smith, against Defendants *The Santa Rosa*

25    *Press Democrat* (the "*Press Democrat*"), a newspaper, and Paul Payne, a *Press Democrat* reporter,

26    stemming from a series of articles the newspaper published in 2010 regarding legal actions brought

27

28

against Ms. Smith by her former landlords in Sonoma County.[1]  In the previous action, Plaintiffs brought claims for invasion of privacy, false light, defamation per se, intrusion of solitude, public disclosure of private facts and civil conspiracy against the *Press Democrat*, Payne, and two other individuals.  *See Smith v. Santa Rosa Democrat*, No. C 11-02411 SI, 2011 WL 5006463, at *1 (N.D. Cal. Oct. 20, 2011) (not reported in F. Supp. 2d) (describing claims); *see also* Am. Compl., Civil Case No. C 11-02411 SI (Docket No. 18) (hereinafter, "original complaint").[2]  Those claims were based upon Plaintiffs' assertions "that the articles in the *Press Democrat* invaded [Ms. Smith's] privacy – as the court proceedings discussed in the articles were allegedly under seal – and that the articles contained false light and defamatory matter in implying [she] was a "scammer," that [she] had 'landlord-tenant cases in Delaware and Missouri,' and that the Press Democrat defendants had attempted to interview [her] when they had not." *Smith*, 2011 WL 5006463, at *1.  On October 20, 2011, the Honorable Susan Illston granted Defendants' special motion to strike pursuant to California Code of Civil Procedure section 425.16 and dismissed Plaintiffs' original complaint without leave to amend. *Id.* at *7.

In the present action, Plaintiffs allege various claims related to a 2010 incident when Payne came unannounced to Plaintiffs' home to interview Ms. Smith for an article, and the subsequent series of articles in the *Press Democrat* that were the subject of the previous action.  Plaintiffs allege that on April 8, 2010, Payne and an unnamed photographer came to their home and shouted at them from the yard below their second-floor unit, "Hey, serial squatters!"  (Compl. ¶¶ 8, 9.)  According to

---

[1] The articles at issue "reported on a lawsuit between [Ms. Smith] and her former landlord Barbara Wilt for unpaid rent and utilities which resulted in a $42,500 default judgment against [Ms. Smith]; as well as an eviction proceeding between [Ms. Smith] and Connie Cook.  The articles detail the allegations raised in the legal proceedings, quoting from trial briefs and statements made in open court. The articles also included comments from [Ms. Smith's] former landlords about the difficulties [her] alleged failure to pay rent and utilities – as well as the state the units were left in when [she] vacated them – caused the former landlords and the support the landlords received from the community. The last article in the series reported that [Ms. Smith] had apparently engaged in substantially similar conduct as alleged in the California cases in Oregon, and that [she] was cited with two instances of criminal theft by deception for allegedly failing to pay rent in Oregon." *Smith v. Santa Rosa Democrat*, No. C 11-02411 SI, 2011 WL 5006463, at *1 (N.D. Cal. Oct. 20, 2011) (not reported in F. Supp. 2d) (internal citations omitted).

[2] There were two plaintiffs named in the original complaint, Ms. Smith and Zeus Smith.  The court dismissed Zeus Smith as a plaintiff after Ms. Smith failed to identify any allegedly false statements about him in the articles at issue. *Smith*, 2011 WL 5006463, at *1 fn. 2.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   Plaintiffs, Payne then climbed the stairs leading up to the landing of Plaintiffs' apartment and

2   conducted a "heated prolonged verbal exchange through the entranceway glass and . . . the

3   windows" with Plaintiffs, causing Ms. Smith to fear for her physical safety and that of her son.

4   (Compl. ¶¶ 11, 12.)  Plaintiffs allege that following this incident, which left her feeling "shocked,

5   threatened and physically ill," Ms. Smith traveled to the Press Democrat's offices to attempt to set

6   up an interview before the paper went to press with a front page story about a legal proceeding

7   involving Ms. Smith.  (Compl. ¶ 13.)  However, according to Plaintiffs, Payne refused to grant Ms.

8   Smith an interview and the *Press Democrat* refused to delay running the story until such an

9   interview could be held.  (Compl. ¶ 14.)  Plaintiffs allege that for the next six months, Defendants

10  "continued to invade Plaintiffs' privacy . . . creating and producing one-sided, factually inaccurate

11  coverage of Plaintiffs' affairs."  (Compl. ¶ 15.)

12          In their Complaint, Plaintiffs allege the following causes of action: 1) trespass to land; 2)

13  assault; 3) invasion of privacy; 4) conspiracy to invade privacy; 5) intentional infliction of emotional

14  distress; 6) conspiracy to intentionally inflict emotional distress; and 7) unfair and deceptive trade

15  practices.[3]  Defendants now move to strike Plaintiffs' Complaint, and request an order dismissing

16  Plaintiffs' suit with prejudice.  (Defs.' Mot. 3.)

17                                            **II.  Legal Standards**

18          Known as the "anti-SLAPP" statute, California Code of Civil Procedure section 425.16 "was

19  enacted to allow for early dismissal of meritless first amendment cases aimed at chilling expression

20  through costly, time-consuming litigation."  *Metabolife Int'l. Inc. v. Wornick*, 264 F.3d 832, 839 (9th

21  Cir. 2001).  "The hallmark of a SLAPP suit is that it lacks merit, and is brought with the goals of

22  obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point

23  that the citizen party's case will be weakened or abandoned, and of deterring future litigation."  *U.S.*

24  *ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-972 (9th Cir. 1999) (citing

25  *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994)).  To protect the public's interest in

26  "participation in matters of public significance," section 425.16(b) provides

27  _____

28          [3] On November 1, 2012, without leave of court, Plaintiffs filed a First Amended Complaint, which the court struck as improperly filed on November 7, 2012.  [Docket No. 45.]

United States District Court

For the Northern District of California

1
2
3

> [a] cause of action against a person arising from any act of that person in furtherance of that person's right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

4   Cal. Code Civ. Proc. § 425.16(a), (b).

5        Consideration of an anti-SLAPP motion involves a two-step process. "First, the court

6   decides whether the defendant has made a threshold showing that the challenged cause of action is

7   one arising from protected activity." *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67

8   (2002). Second, the court "determines whether the plaintiff has demonstrated a probability of

9   prevailing on the claim." *Id.* In making these determinations, "the court shall consider the

10  pleadings, and supporting and opposing affidavits stating the facts upon which the liability or

11  defense is based." *Id.* (quoting Cal. Code Civ. Proc. § 425.16(b)(2)). "Only a cause of action that

12  satisfies both prongs of the anti-SLAPP statute – i.e., that arises from protected speech or petitioning

13  and lacks even minimal merit – is a SLAPP, subject to being stricken under the statute." *Navellier v.*

14  *Sletten*, 29 Cal.4th 82, 89 (2002). California anti-SLAPP motions are available to litigants

15  proceeding in federal court. *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005).

### III.  Discussion

#### A.  Claims Arising From Protected Activity

18       Plaintiffs argue that the allegations in their Complaint do not qualify as protected activity

19  under the anti-SLAPP statute. First, Plaintiffs argue that the subject of Defendants' reporting was

20  not newsworthy, and that therefore Plaintiffs' claims do not challenge conduct in connection with a

21  public issue or an issue of public interest. (Pls.' Opp'n 8-9.) The court rejects this argument, and

22  agrees with what Judge Illston has already held, namely, that "the subject matter of the articles –

23  contentious landlord-tenant disputes and the consequences thereof – are a matter of significant

24  public interest." *Smith*, 2011 WL 5006463, at *2-3 (citing *Sipple v. Found. for Nat'l Progress*, 71

25  Cal. App. 4th 226, 238 (1999); *Carver v. Bonds*, 135 Cal. App. 4th 328, 342 (2005)). Plaintiffs'

26  claims for invasion of privacy, conspiracy to invade privacy, intentional infliction of emotional

27  distress, conspiracy to intentionally inflict emotional distress, and unfair and deceptive trade

28

United States District Court
For the Northern District of California

1  practices, all challenge, in whole or in part, Defendants' reporting on the landlord-tenant disputes.[4]

2  Accordingly, the challenged conduct qualifies as acts in furtherance of free speech in connection

3  with an issue of public interest under Section 425.16(e), *see Smith*, 2011 WL 5006463, at *3, and

4  Plaintiffs must therefore demonstrate a probability of success on the merits with respect to those

5  claims. *See Equilon*, 29 Cal. 4th at 67.

6      Next, Plaintiffs assert that their trespass and assault claims are not subject to an anti-SLAPP

7  motion. (Pls.' Opp'n 11.) Plaintiffs argue that trespassing on private property and committing

8  assault do not qualify as protected activity under the anti-SLAPP statute because such acts do not

9  "concern a 'written or oral statement made in connection with an official proceeding,'" nor are they

10 acts in furtherance of the right to free speech. (Pls.' Opp'n 11.)

11     A cause of action "'aris[es] from' protected activity within the meaning of [the anti-SLAPP

12 statute] only if the defendant's act underlying the cause of action, and on which the cause of action

13 is based, was an act in furtherance of the defendant's right of petition or free speech in connection

14 with a public issue." *Hall v. Time Warner, Inc.*, 153 Cal. App. 4th 1337, 1346 (2007) (citing Cal.

15 Code Civ. Proc. § 425.16(b)(1)). Section 425.16(e) sets forth four categories of acts which qualify

16 as acts in furtherance of a person's right of free speech, including "any written or oral statement or

17 writing made in connection with an issue under consideration or review by a legislative, executive,

18 or judicial body, or any other official proceeding authorized by law." Cal. Code Civ. Proc. §

19 425.16(e)(2). In addition, Section 425.16(e) includes a "catch-all [category] for 'any other *conduct*

20 in furtherance of the exercise of the constitutional right of petition or the constitutional right of free

21 speech in connection with a public issue or an issue of public interest.'" *Lieberman v. KCOP*

22

23     [4] Plaintiffs' invasion of privacy claim challenges Payne's actions in "purportedly reporting on
24 a bench trial . . . [and] show[ing] up on private property to publicize a private dispute." (Compl. ¶ 28.)
   Plaintiffs' claims for conspiracy to invade privacy, intentional infliction of emotional distress,
25 conspiracy to intentionally inflict emotional distress, and unfair and deceptive trade practices each
   challenge the content of Defendants' reporting. (*See* Compl. ¶¶ 33 ("Defendant Payne conspired
26 together with others . . . violating [prohibitions on] 'trying one's action in the press'"); 36 ("Defendants
   . . . prematurely publiciz[ed] the particulars of a still-pending matter"); 43 ("Defendant Payne . . .
27 rush[ed] to print a story in which [Ms.] Smith had put them on notice would be incorrect as to its facts");
   47 (stories written and published by Defendants "not only *created* the very problems that the [Press
28 Democrat] could then subsequently 'report'" but were also "untrue and misleading") (emphasis in
   original).

United States District Court

For the Northern District of California

1    *Television*, 110 Cal. App. 4th 156, 164 (2003) (emphasis in original) (citing Cal. Code Civ. Proc.

2    425.16(e)(4)).

3       Defendants argue that Plaintiffs' claims of trespass and assault arise from protected activity

4    because they are based on newsgathering activities, which qualify under section 425.16(e)(4) as

5    "conduct in furtherance of the exercise" of the right to free speech. (*See* Defs.' Mot. 4-5.) In

6    support of their position, Defendants cite *Lieberman*, in which the California Court of Appeal held

7    that acts performed in connection with newsgathering, including surreptitious recording, fall within

8    the scope of conduct protected by the anti-SLAPP statute. Noting that Section 425.16 must be

9    construed broadly, the court found that "the statute's reach is not restricted to speech, but expressly

10   applies to *conduct* . . . [and] that conduct is not limited to the exercise of [the news media's] right of

11   free speech, but to all conduct *in furtherance* of the exercise of the right of free speech in connection

12   with a public issue." *Id.* at 166 (emphasis in original) (citing Cal. Code Civ. Proc. 425.16(e)(4)).

13   The court concluded that the challenged conduct – the defendant's secret recordings of the plaintiff –

14   which "were in aid of and were incorporated into a broadcast in connection [with] a public issue,"

15   had been "undertaken *in furtherance* of the news media's right to free speech." *Id.* (emphasis in

16   original). Therefore, the plaintiff's complaint fell within the scope of conduct protected by the anti-

17   SLAPP statute. *Id.*; *see also Hall*, 153 Cal. App. 4th at 1346-47 (holding complaint which alleged

18   causes of action for trespass, intrusion upon seclusion, public disclosure of private facts, intentional

19   infliction of emotional distress, and elder abuse which stemmed from an interview broadcast on

20   national television arose from an act in furtherance of defendants' right of free speech).

21       Here, Plaintiffs allege that on April 8, 2010, the date of the alleged trespass and assault,

22   Payne "entered onto Plaintiffs' exclusive secluded property . . . with intent to intrude, intimidate and

23   harass." (Compl. ¶ 19.) However, Defendants have submitted evidence that on that date, Payne

24   went to Plaintiffs' rental unit to try to interview Ms. Smith about a dispute with her landlord.[5] After

25

26      [5] In the first step of the anti-SLAPP analysis, the court determines whether the defendant has made a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's

27   rights of free speech. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003). "The court reviews the parties' pleadings, declarations and other supporting documents to determine what conduct

28   is actually being challenged, not to determine whether the conduct is actionable." *Coretronic Corp. v. O'Connor*, 192 Cal. App. 4th 1381, 1389 (2011) (citation omitted); *see also Equilon*, 29 Cal.4th at 67.

United States District Court
For the Northern District of California

1  interviewing Plaintiffs' landlord about Ms. Smith's alleged failure to pay rent, Payne "walked across

2  the yard to the barn, up a flight of stairs and attempted to contact Ms. Smith by knocking on her

3  door." (Decl. of Payne in Supp. of Defs.' Special Mot. to Strike ("Payne Decl."), ¶ 6, Oct. 10,

4  2012.) "When [Ms. Smith] opened a window and looked out, [Payne] asked her if she would

5  respond to allegations that she was not paying rent." (Payne Decl. ¶ 6.) Ms. Smith "would not

6  answer questions," but instead told Payne to get off her steps. (Payne Decl. ¶ 6.) According to

7  Payne, "[i]t was clear that [Ms. Smith] was declining to give [him] an interview, so [he] left the barn

8  and resumed [his] interview with [Plaintiffs' landlord]." (Payne Decl. ¶ 6.)

9       Although Plaintiffs characterize the April 8, 2010 incident differently from Defendants, the

10  parties do not dispute that Payne was at Plaintiffs' residence on that date, and Defendants have

11  submitted uncontroverted evidence that Payne was there to interview Ms. Smith. Based on this

12  evidence, Defendants have made a prima facie showing that the trespass and assault causes of action

13  are based on Payne's attempts to interview Plaintiffs about the landlord's allegations, i.e., acts

14  performed in connection with newsgathering. As the court has already found that the subject of

15  Defendants' reporting and newsgathering activities "are a matter of significant public interest," the

16  trespass and assault claims arise from activity protected by the anti-SLAPP statute.[6] *See Lieberman*,

17  110 Cal. App. 4th at 166; *Hall*, 153 Cal. App. 4th at 1347. Accordingly, the burden shifts to

18  Plaintiffs to demonstrate a probability that they will prevail on all claims.

---

21      [6] Plaintiffs argue that the anti-SLAPP statute does not apply to claims alleging illegal conduct
22  (*see* Pls.' Opp'n 11). California courts have consistently rejected this argument, holding that "conduct
that would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage . . .
simply because it is *alleged* to have been unlawful or unethical." *Birkner v. Lam*, 156 Cal. App. 4th
23  275, 285 (2007) (ellipses and emphasis in original) (citation omitted); *accord Kashian v. Harriman*, 98
Cal. App. 4th 892, 910-11 (2002). Further, while the anti-SLAPP statute "cannot be invoked by a
24  defendant whose assertedly protected activity is illegal as a matter of law," the exception applies only
if a "defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech
25  or petition activity was illegal as a matter of law." *Flatley v. Mauro*, 39 Cal.4th 299, 317, 320 (2006)
(holding challenged conduct constituted criminal extortion as a matter of law and thus was not protected
26  by the anti-SLAPP statute); *see also Mendoza v. ADP Screening & Selection Servs., Inc.*, 182 Cal. App.
4th 1644, 1654 (2010) (holding that the *Flatley* court's use of the word "'illegal' was intended to mean
27  criminal, and not merely violative of a statute"). As neither condition is met here, the exception does
not apply.

Plaintiffs argue that they need to conduct discovery into Payne's intent, malice, and "the precise nature of pre-publication acts constituting Defendant Payne's conduct toward Plaintiffs" to show that his motives in allegedly trespassing on private property and assaulting them "had nothing to do with furtherance of the exercise of constitutional right of petition or free speech." (Pls.' Opp'n 4-5, 11.) Plaintiffs also filed an *ex parte* request to continue consideration of this motion in order to take discovery.[7] [Docket No. 46.] To the extent that Plaintiffs seek such discovery to show that Payne's actions on April 8, 2010 were not performed in connection with newsgathering, but for some other, sinister motive, such an argument "confuses the threshold question of whether the SLAPP statute [potentially] applies with the question whether [Plaintiffs have] established a probability of success on the merits." *Birkner v. Lam*, 156 Cal. App. 4th 275, 284 (2007) (first brackets in original, citation and quotation marks omitted). "[A]ny claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support in the context of the discharge of the plaintiff's [secondary] burden to provide a prima facie showing of the merits of the plaintiff's case." *Navellier*, 29 Cal.4th at 94 (second brackets in original, emphasis in original, citation and

---

[7] In state court, discovery is automatically stayed upon the filing of an anti-SLAPP motion and the opposing party must demonstrate "good cause" to justify "specified discovery" as an exception to the stay. *See* Cal. Code Civ. Proc. § 425.16(g). In *Metabolife*, 264 F.3d at 846, the Ninth Circuit held that the "discovery-limiting aspects of section 425.16(f) and (g) collide with Federal Rule of Civil Procedure 56," which requires discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition," and therefore the automatic discovery stay mechanism should not apply in federal court *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (quotation marks omitted); *see also Rogers v. Home Shopping Network*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999) (holding that the discovery-limiting aspects of section 425.16 cannot apply in federal court due to their collision with Rule 56). However, since *Metabolife* and *Rogers* were decided, courts have recognized the distinction between an anti-SLAPP motion that is in the nature of a Rule 12(b)(6) motion to dismiss and one that presents issues of fact, akin to a Rule 56 summary judgment motion, for purposes of determining whether the discovery stay applies. One court described the general rule from *Metabolife* and *Rogers* as follows: "the discovery-limiting provisions of [the anti-SLAPP statute] collide with the discovery-permitting provisions of Rule 56, and therefore are not available in federal court unless either (1) the factual basis of the case has been developed through discovery . . . to the extent a motion for summary judgment would be appropriate; (2) the parties agree that further discovery is not necessary; or (3) *the only issue presented by the motion is an issue of law* and the motion is suitable for decision as a motion to dismiss pursuant to Rule 12(b)(6)." *Aeroplane Corp. v. Arch Ins. Co.*, No. 06-1099 AWI SMS, 2006 WL 3257487, at *9 (E.D. Cal. Nov. 9, 2006) (internal citations omitted, emphasis added); *see also Davis v. Elec. Arts, Inc.*, No. C-10-03328 RS DMR, 2011 WL 2621626, at *3 (N.D. Cal. Jul. 5, 2011). Here, Defendants' anti-SLAPP motion challenges the legal sufficiency of Plaintiffs' claims, and thus is in the nature of a Rule 12(b)(6) motion to dismiss. Therefore, the court concludes that there is no collision between section 425.16(g) and Rule 56 in this case.

1    quotation marks omitted).  As the court concludes that all of Plaintiffs' claims are barred as a matter

2    of law as set forth below, Plaintiffs' request to continue consideration of this motion, as well as their

3    request for discovery, are hereby denied as moot.

**B.     Probability of Prevailing on the Merits of the Claims**

5          Defendants argue that Plaintiffs cannot demonstrate a probability of prevailing on their

6    claims because the doctrine of res judicata bars Plaintiffs' claims as a matter of law.  (Defs.' Mot. 7-

7    9.)  Alternatively, Defendants argue that Plaintiffs' suit is barred by the applicable statute of

8    limitations and the Uniform Single Publication Act, and that Plaintiffs cannot show a probability of

9    prevailing on the merits of any of their individual causes of action for various other reasons.

10          Res judicata bars litigation in an action if any of the claims were raised or could have been

11   raised in a previous action.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.

12   2001).  A plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant

13   not alleged in his prior action or by pleading a new legal theory."  *McClain v. Apodaca*, 793 F.2d

14   1031, 1034 (9th Cir. 1986); *see also Simmons v. Am. Airlines*, No. C-01-1074-JCS, 2002 WL

15   102604, at *4 (N.D. Cal. Jan. 23, 2002) (holding that following adjudication of discrimination claim,

16   res judicata barred plaintiff from introducing slander claim arising from the same incident).

17   Underlying the res judicata doctrine is the recognition that a plaintiff's interests in a full and fair

18   opportunity to be heard must be considered against the respect for a defendant's efforts and expense

19   in defending itself.  *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985).  In

20   addition to private interests, res judicata also serves important public interests, including "avoiding

21   inconsistent results and preserving judicial economy."  *Clements v. Airport Auth. of Washoe Cnty.*,

22   69 F.3d 321, 330 (9th Cir. 1995).  The doctrine of res judicata is applicable when three requirements

23   between the two actions are present: 1) identity of claims, 2) a final judgment on the merits in the

24   first action, and 3) identity or privity between parties.  *U.S. v. Liquidators of European Fed. Credit*

25   *Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (citing *Tahoe-Sierra Pres. Council v. Tahoe Reg'l*

26   *Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

27          Here, Plaintiffs do not dispute that the previous case involved the same parties.  Plaintiffs

28   also do not dispute that their previous case resolved with a final judgment on the merits.  *See ex rel*

United States District Court

For the Northern District of California

9

United States District Court
For the Northern District of California

1   *Crawford v. Cnty. of Solano*, No. 2:10-CV-02091 JAW-EFB, 2010 WL 5478294, at *4 (E.D. Cal.

2   Dec. 30, 2010) (not reported in F. Supp. 2d) (holding that order granting anti-SLAPP motion was a

3   final judgment on the merits); *accord Adams v. Trimble*, No. Civ S-11-01360-KJM-EFT, 2012 WL

4   260160, at *7 (E.D. Cal. Jan. 27, 2012).  Therefore, the court must determine whether there is an

5   identity of claims between the first and second actions.

6        "The central criterion in determining whether there is an identity of claims between the first

7   and second adjudications is 'whether the two suits arise out of the same transactional nucleus of

8   facts.'"  *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v.*

9   *Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th. Cir. 1982)).  Here, both actions clearly arise

10  from the same transactional nucleus of facts as those asserted in the previous action.  Plaintiffs have

11  styled this action differently from the first action, now bringing causes of action for trespass and

12  assault and asserting that they are the "central causes of action" in their Complaint (*see* Pls.' Opp'n

13  7), but they again allege causes of action for invasion of privacy and conspiracy, in addition to new

14  claims for intentional infliction of emotional distress and unfair business practices.  However, even

15  though Plaintiffs have asserted differently-labeled claims for relief in this action, both actions are

16  predicated on Defendants' reporting and publication of news articles about landlord-tenant legal

17  proceedings involving Ms. Smith.  All of Plaintiffs' current claims are subject to res judicata

18  because they are "all grounds for recovery which *could have been asserted*, whether they were or

19  not, in a prior suit between the same parties . . . on the same cause of action."  *Owens*, 244 F.3d at

20  714 (emphasis added, ellipses in original) (citing *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.

21  1998)).  In fact, in their original complaint, Plaintiffs alleged that Payne "physically intruded upon

22  [Plaintiffs'] home on the morning of April 8, 2010," and proceeded to publish stories regarding Ms.

23  Smith's pending litigation, despite denying her an interview (Am. Compl. ¶ 11, Civil Case No. C 11-

24  02411 SI), facts which support the new claims for trespass and assault.  (*See* Compl. ¶¶ 8-14, 19,

25  25.)  Plaintiffs' current allegations regarding the April 8, 2010 incident and Defendants' subsequent

26  publication of articles regarding Ms. Smith are related to the same set of facts as the allegations in

27  their original complaint such that "the two cases could have been conveniently been tried together."

28  *Owens*, 244 F.3d at 714 (citing *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th

**United States District Court**
For the Northern District of California

1    Cir. 1995) (holding that res judicata bars subsequent action when the plaintiff "had to produce

2    substantially the same evidence in both suits to sustain its case")).  Further, notwithstanding

3    Plaintiffs' argument that the application of res judicata here would "defeat the touchstone of due

4    process, fundamental fairness," (Pls.' Opp'n. 7), the Ninth Circuit has rejected the contention that

5    equitable principles may preclude the application of res judicata.  *See Owens*, 244 F.3d at 714 (citing

6    *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (holding that there is "no principle

7    of law or equity which sanctions the rejection by a federal court of the salutary principle of res

8    judicata.") (citation and quotation marks omitted).)

9         As the court concludes that Plaintiffs' claims are barred as a matter of law, Plaintiffs have

10   failed to establish the probability of prevailing on the merits.  *See Bailey v. Brewer*, 197 Cal. App.

11   4th 781, 792-93 (2011) (it is "well-settled that a claim is not legally viable if it cannot be relitigated

12   in court under the doctrine of res judicata").  For this reason, the court need not reach Defendants'

13   remaining arguments.

14                                        **IV.  Conclusion**

15        For the foregoing reasons, Plaintiffs' Complaint is stricken pursuant to California Code of

16   Civil Procedure section 425.16.  The Complaint is dismissed without leave to amend.

17

18        IT IS SO ORDERED.

19

20   Dated:  December 26, 2012

21

22                                                    DONNA M. RYU
                                                     United States Magistrate Judge

23



24

25

26

27

28

11