UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SMITH, *et al.*, | No. C 12-01732 DMR |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| PAUL PAYNE, *et al.*, | |
| Defendants. | |

Before the court is Defendants Paul Payne and *The Santa Rosa Press Democrat*'s motion for an award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16(c). [Docket No. 58.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Defendants' motion is GRANTED.

**I. Background**

On April 6, 2012, *pro se* Plaintiff Gwendolyn Smith, on behalf of herself and her son, Zeus Harrison Smith, filed this action against Defendants *The Santa Rosa Press Democrat* (the "*Press Democrat*"), a newspaper, and Paul Payne, a *Press Democrat* reporter. It was the second action Plaintiffs had filed in this Court against Defendants stemming from a series of articles the newspaper published in 2010 regarding legal actions brought against Ms. Smith by her former landlords in Sonoma County. Defendants subsequently filed a motion to strike Plaintiffs' Complaint pursuant to

California's anti-SLAPP statute, California Code of Civil Procedure section 425.16, arguing, *inter alia*, that Plaintiffs' claims were barred as a matter of law by the doctrine of res judicata. [Docket No. 34.] On December 26, 2012, the court granted Defendants' motion to strike and dismissed Plaintiffs' Complaint without leave to amend. Defendants now move for a total award of $42,548.71[1] in attorneys' fees and costs pursuant to the fee provision of the anti-SLAPP statute, California Code of Civil Procedure section 425.16(c).

## II. Legal Standards

Under the anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." *Equilon Enters., LLC v. Consumer Cause, Inc.,* 29 Cal. 4th 53, 67 (2002). An award of attorneys' fees to a prevailing party on a special motion to strike is mandatory. Cal. Civ. Proc. Code § 425.16(c); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Fees should only be awarded for work reasonably related to the special motion to strike brought under the anti-SLAPP statute, *see*, *e.g.*, *Christian Research Inst. v. Ulnar*, 165 Cal. App. 4th 1315, 1320 (2008), but fees are also recoverable for the reasonable time spent seeking an award of statutory attorneys' fees, *Ketchum*, 24 Cal. 4th at 1141. The fee provision of the anti-SLAPP statute applies in federal court. *Metabolife Intern., Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002); *see also United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999).

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. In calculating the lodestar, the court must determine both a reasonable number of hours and a reasonable hourly rate for each attorney. *Morales*, 96 F.3d at 363. In calculating a

---

[1] In their reply, Defendants state the total amount of fees and costs they seek is $43,278.71, which includes estimated fees of $730 for preparing for and attending the hearing on this motion. (Supplemental Decl. of Glasser, Mar. 15, 2013, ¶ 2.) As the court vacated the hearing on this motion, the amount Defendants seek is accordingly reduced by $730, for a total amount of $42,548.71.

reasonable number of hours, the applicant must justify the claim by submitting detailed time records. The court may adjust these hours down if it believes the documentation to be inadequate, if the hours were duplicative, or if the hours were either excessive or unnecessary. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987).

### III. Discussion

Plaintiffs oppose Defendants' motion for attorneys' fees and costs on the grounds that the court should stay or deny the motion until after the Ninth Circuit adjudicates their appeal of the court's December 26, 2012 order granting Defendants' anti-SLAPP motion and dismissing the Complaint. While citing clear authority to the contrary, (*see* Pls.' Reply 3, citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 1983)), Plaintiffs argue that this court lacks jurisdiction to grant this motion given their pending appeal. (Pls.' Opp'n 2-3.) Elsewhere in their opposition, Plaintiffs acknowledge that courts *do* have the authority to grant a motion for fees while an appeal on the merits is pending, but argue that they should not. (Pls.' Opp'n 4.) In the Ninth Circuit, an appeal from a ruling on the merits does not foreclose an award of attorneys' fees by the district court. *Masalosalo*, 718 F.2d at 956-57. Further, ruling on the motion now, prior to the Ninth Circuit's determination of Plaintiffs' appeal, "promotes judicial economy by allowing any appeal of the fee award to be consolidated with [Plaintiffs'] merits appeal." *Love v. The Mail on Sunday*, No. CV05-7798 ABC(PJWX), 2007 WL 2709975, at *1 n.2 (C.D. Cal. Sept. 7, 2007) (denying plaintiff's request to postpone determination of attorneys' fee motion until after merits appeal adjudicated) (citing *Masalosalo*, 718 F.2d at 957) (not reported in F. Supp. 2d). Accordingly, the court denies Plaintiffs' request to stay or deny the present motion. As Defendants prevailed on their anti-SLAPP motion, the court concludes that they are entitled to a mandatory award of attorneys' fees and costs for work reasonably related to the motion.

In support of their fee motion, Defendants submitted contemporaneous billing records that their counsel redacted to protect privileged information.[2] (Decl. of Burke, Jan. 9, 2013, ¶ 2 Ex. A;

---

[2] Plaintiffs did not object to the amount of fees and costs that Defendants seek in this motion.

Supplemental Decl. of Burke, Jan. 29, 2013, ¶ 2 Ex. E.) Many of the entries were redacted in such a way that the court was unable to determine whether the time spent was related to the special motion to strike. *See Christian Research Inst.*, 165 Cal. App. 4th at 1320 (holding that defendant prevailing on anti-SLAPP motion may recover fees and costs for the motion only, not for the entire litigation). For example, numerous entries merely provide "Confer with [attorney name] regarding" or "Correspondence with [attorney name] regarding," and there is no information regarding the subject of the conference or correspondence. (*See, e.g.*, Decl. of Burke, Ex. A, 8/20/2012, 9/6/2012, 10/22/2012 entries.) While counsel represents that "in all instances, the entries involved professional services related to [Defendants'] successful [anti-SLAPP motion]," (Decl. of Burke, ¶ 2; *see also* Supplemental Decl. of Burke, ¶ 2), at least two entries appear to be unrelated to the motion, (*see*, *e.g.*, Decl. of Burke, Ex. A, 8/22/2012 entry re "efforts to reach [Plaintiff] regarding compliance with court deadline to meet and confer," 9/17/2012 entry re "Review and revise Answer to [Plaintiffs'] complaint"). Therefore, the court will base its fee award solely on those hours for which the documentation clearly and unambiguously shows the time was incurred in connection with the successful anti-SLAPP motion.

In addition, Defendants did not submit any billing records in connection with their work on the reply brief on the present motion, and instead made a conclusory statement about the sum they seek in a declaration by counsel. (*See* Supplemental Decl. of Glasser, ¶ 2.) Without the billing records for that work, the court is unable to determine whether the hours claimed were unnecessary, duplicative, or excessive. *See Chalmers*, 796 F.2d at 1210 (holding that "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended"; court may reduce hours for inadequate documentation and/or where hours duplicative, excessive, or unnecessary). Therefore, the court declines to award Defendants the fees incurred in connection with their reply brief.

The court has carefully reviewed the time records submitted by Defendants' counsel and awards Defendants $25,552.50 for 66.5 hours of work and $53.71 in costs incurred on the anti-SLAPP motion. The court also awards Defendants $4,295 for 12 hours of work in connection with the present fee motion, for a total award of $29,901.21. *See Ketchum*, 24 Cal. 4th at 1141 (holding

that "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees" under the anti-SLAPP statute). The court finds that the $465 hourly rate sought by Defendants' counsel Thomas Burke is well within the range of reasonable hourly rates for attorneys of comparable skill, experience and reputation litigating similar cases in the San Francisco Bay Area. While the court could have benefitted from more detailed information regarding the skill and experience of attorneys Jeffrey Glasser and Kathleen Cullinan, rather than a statement in a declaration directing the court to a website containing those attorneys' biographical information, (*see* Decl. of Burke, ¶ 6; Supplemental Decl. of Burke ¶ 3), the court finds that their hourly rates – $365 for Jeffrey Glasser and $315 for Kathleen Cullinan – are also within the range of reasonable hourly rates.[3]

## IV.  Conclusion

For the foregoing reasons, the court GRANTS Defendants' motion for attorneys' fees and costs and awards Defendants $29,901.21.

IT IS SO ORDERED.

Dated: April 15, 2013



DONNA M. RYU
United States Magistrate Judge

---

[3] The court declines to award fees for time spent by paralegal Ben Planchon on this case, as Defendants did not set forth any information to support his requested hourly rate of $215.